Mr. Bill McCormick Governor's Chief Counsel State Capitol, 2nd Floor Topeka, Kansas 66612
Dear Mr. McCormick:
As chief counsel for the governor, you request our opinion regarding whether a county may permit a religious organization to conduct church services in the senior citizens' center owned by the county.
From December 13, 1992, to January 10, 1993, the board of county commissioners for Harper county permitted the members of the Baptist Mission to meet and conduct services at the Harper senior citizens' center. The members intended to use the senior citizens' center as a temporary meeting place until a permanent location could be found. A fee was paid to the county for the use of the senior citizens' center. Upon the advice of the county attorney, the board of county commissioners determined that allowing the meetings at that location violated the United States constitution. The board then notified the members of the Baptist Mission that they would no longer be permitted to conduct services at the senior citizens' center.
The first amendment to the United States constitution provides:
 "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."
Section 11 of the bill of rights of the Kansas constitution states in part:
 "The liberty of the press shall be inviolate; and all persons may freely speak, write or publish their sentiments on all subjects, being responsible for the abuse of such rights . . . ."
The first amendment to the United States constitution is made applicable to the states through the fourteenth amendment. Lamb's Chapelv. Center Moriches Union Free School District, 508 U.S. ___, 113 S.Ct. ___, 124 L.Ed.2d 352, 358 (1993). The first amendment to the United States constitution and section 11 of the bill of rights of the Kansas constitution are generally considered coextensive. State v. Russell,227 Kan. 897, 899 (1980).
The existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue. Perry Education Associationv. Perry Local Educators' Association, 460 U.S. 37, 44, 103 S.Ct. 948,74 L.Ed.2d 794, 804 (1983).
 "In places which by long tradition or by government fiat have been devoted to assembly and debate, the rights of the State to limit expressive activity are sharply circumscribed. At one end of the spectrum are streets and parks which `have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions.' In these quintessential public forums, the government may not prohibit all communicative activity. For the State to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end. The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels of communication.
"A second category consists of public property which the State has opened for use by the public as a place for expressive activity. The Constitution forbids a State to enforce certain exclusions from a forum generally open to the public even if it was not required to create the forum in the first place. Although a State is not required to indefinitely retain the open character of the facility, as long as it does so it is bound by the same standards as apply in a traditional public forum. Reasonable time, place, and manner regulations are permissible, and a content-based prohibition must be narrowly drawn to effectuate a compelling state interest.
"Public property which is not by tradition or designation a forum for public communication is governed by different standards. We have recognized that the `First Amendment does not guarantee access to property simply because it is owned or controlled by the government.' In addition to time, place, and manner regulations, the State may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view. As we have stated on several occasions, `"`[t]he State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated.'"'" PerryEducation Association, 460 U.S. at 45-46, 74 L.Ed.2d at 804-05 (citations omitted).
The government does not create a public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse. Cornelius v. NAACP LegalDefense Education Fund, 473 U.S. 788, 802, 105 S.Ct. 3439,87 L.Ed.2d 567, 580 (1985). A public forum may be created by government designation of a place or channel of communication for use by the public at large for assembly and speech, for use by certain speakers, or for the discussion of certain subjects. Id. If by policy or by practice the government has opened the forum for indiscriminate use by the general public, a public forum has been created. See Cornelius, 473 U.S. at 804,87 L.Ed.2d at 581; Perry Education Association, 460 U.S. at 47,74 L.Ed.2d at 806.
The board of county commissioners for Harper county has allowed the Harper senior citizens' center to be used by private individuals for birthday parties, family reunions and anniversaries. Such organizations as the Friday Afternoon Club, the Historical Society, Holiday House Tours, the Methodist Support Group and the Church of Christ have also been permitted to use the center. While the rules and regulations of the center require that requests for use of the center be made in advance to a designated person, such a function appears to be ministerial. Through its actions, the board of county commissioners has created a public forum in the senior citizens' center. Religious worship and discussion are forms of speech and association protected by the first amendment. Widmarv. Vincent, 454 U.S. 263, 269, 102 S.Ct. 269, 70 L.Ed.2d 440, 447
(1981). Therefore, reasonable time, place, and manner regulations are permissible, and a content-based prohibition must be narrowly drawn to effectuate a compelling state interest.
By letter dated January 4, 1993, the board of county commissioners notified the members of the Baptist Mission that, based upon the board's belief that the use of the senior citizens' center for church services violated the United States and Kansas constitutions, "[the Baptist Mission] may no longer use the building for church services effective immediately." In Country Hills Christian Church v. Unified SchoolDistrict No. 512, 560 F. Supp. 1207 (D.Kan. 1983), the United States district court for the district of Kansas addressed whether a unified school district could prohibit an organization from conducting religious worship and discussion in a building which, through conduct of the board of education, was a public forum.
 "[The school district] review[s] requests to use School District facilities to determine whether or not such group will be engaging in religious worship. If the group is deemed to be making a request to use the School District facilities for a non-religious use, then the group's request is granted. If [the school district] determine[s] the group will make religious use of the building, permission is denied. Plaintiffs fall into the latter group. [The school district] ha[s] denied plaintiffs access to a public forum solely because of the content of plaintiffs' proposed speech. This is a violation of the First Amendment." Country Hills Christian Church, 560 F. Supp. at 1215 (citations omitted; emphasis added).
The issue addressed in Country Hills Christian Church is analogous to the issue confronting the board of county commissioners for Harper county. The refusal by the board of county commissioners regarding the use of the senior citizens' center by the Baptist Mission is based solely on the content of the speech. Because the senior citizens' center is a public forum, such refusal by the board results in a violation of thefirst amendment of the United States constitution and section 11 of thebill of rights of the Kansas constitution.
A reason set forth for the refusal of the board of county commissioners to permit the Baptist Mission to use the senior citizens' center for conducting church services was the belief that such use resulted in a violation of the establishment clause of the first amendment. The interest of the state in avoiding an establishment clause violation may be a compelling one justifying an abridgment of free speech otherwise protected by the first amendment. Lamb's Chapel, 124 L.Ed.2d at 363.
The establishment clause of the constitution of the United States, made applicable to the states through the fourteenth amendment, provides in part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." The first
amendment's guarantee is more than a pledge that no single religion will be designated as a state religion. School District of City of GrandRapids v. Ball, 473 U.S. 373, 381, 105 S.Ct. 3216, 3221, 87 L.Ed.2d 267
(1985). It is also more than a mere injunction that governmental programs discriminating among religions are unconstitutional. Id. The establishment clause instead primarily proscribes sponsorship, financial support, and active involvement of the sovereign in religious activity.Id. The United States Supreme Court implemented in Lemon v. Kurtzman,403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971) a three-pronged test to be applied in determining whether legislation comports with the establishment clause. Governmental action will survive a challenge under the establishment clause if the challenged governmental action: (1) has a secular purpose; (2) does not have the principal or primary effect of advancing or inhibiting religion; and (3) does not foster an excessive entanglement with religion. Lamb's Chapel, 124 L.Ed.2d at 363.
As noted above, the issue addressed in Country Hills Christian Church
is analogous to the issue confronting the board of county commissioners for Harper county. In Country Hills Christian Church, the court determined that an equal access policy would survive scrutiny under the first two prongs of the Lemon test. In applying the final prong of theLemon test, the court provided that while an open access policy would avoid entanglement with religion, a policy of excluding religious worship as an acceptable use of the government's facilities risks much greater entanglement by attempting to determine what speech and actions constitute religious worship. Country Hills Christian Church,560 F. Supp. at 1218.
 "The present policy presents an unacceptable degree of entanglement with religion by the School District because of enforcement of its policy of exclusion of religious worship. The School District must determine in every questionable case what words and conduct constitute religious use or religious worship. Of course, this is `an impossible task in an age where many and various beliefs meet the constitutional definition of religion.' An open access policy would eliminate the need for the School District to determine what uses are religious and what uses are not religious." Country Hills Christian Church, 560 F. Supp. at 1218-19 (citations omitted).
As was the situation with the board of education in Country HillsChristian Church, a compelling state interest is not served by the policy of the board of county commissioners of Harper county in refusing the use of the senior citizens' center by the Baptist Mission. Therefore, as the senior citizens' center is a public forum, such refusal by the board of county commissioners results in a violation of the first amendment of the United States constitution.
In conclusion, through its actions, a board of county commissioners may create a public forum in a senior citizens' center. If such occurs, any content-based prohibition on the use of the center must be narrowly drawn to effectuate a compelling state interest. Failure to do so results in a violation of the first amendment of the United States constitution and section 11 of the bill of rights of the Kansas constitution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: